# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-397V
Filed: April 5, 2019
UNPUBLISHED

| | |
|---|---|
| JAMES BAUMANN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered left shoulder injuries resulting from adverse effects of an influenza ("flu") vaccine administered November 19, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 30, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On April 5, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner should be awarded $81,857.17, representing $80,000.00 in compensation for pain and suffering and $1,857.17 in compensation for past unreimbursed expenses. Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $81,857.17, representing $80,000.00 in compensation for pain and suffering and $1,857.17 in compensation for past unreimbursed expenses, in the form of a check payable to petitioner, James Baumann.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                 <u>s/Nora Beth Dorsey</u>
                                                 Nora Beth Dorsey
                                                 Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JAMES BAUMANN,            ) | |
|                           ) | |
|       Petitioner,         ) | No. 17-397V |
|                           ) | Chief Special Master |
| v.                        ) | Nora Beth Dorsey |
|                           ) | ECF |
| SECRETARY OF HEALTH       ) | |
| AND HUMAN SERVICES,       ) | |
|                           ) | |
|       Respondent.         ) | |
|                           ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Compensation for Vaccine Injury-Related Items**

On July 30, 2018, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for his Shoulder Injury Related to Vaccine Administration ("SIRVA"). Respondent proffers that based on the evidence of record, petitioner should be awarded $81,857.17 (constituting $80,000.00 in pain and suffering, and $1,857.17 in past unreimbursed expenses).[1] This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

---

[1] However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's July 30, 2018, entitlement decision.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of $81,857.17, in the form of a check payable to petitioner, James Baumann. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/ Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4133

Dated: April 5, 2019

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.